UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVON MILLER,
    *Plaintiff*,

v.                         Case No. 3:17cv362(JAM)

DERBY POLICE STATION, ET AL.,
    *Defendants*.

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Davon Miller is incarcerated at MacDougall-Walker Correctional Institution. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging that he was subject to excessive force and unconstitutional conditions while detained and that his constitutional rights are being violated by his ongoing criminal proceeding in state court. After an initial review, I conclude that his claims relating to his detention shall proceed but his claims relating to his ongoing criminal proceeding must be dismissed.

### BACKGROUND

The following allegations from plaintiff's complaint are accepted as true only for purposes of this ruling. In September 2015, plaintiff was detained by police in the Derby police department. While he was detained, his shoes were taken from him and he was pushed into "a big puddle of water." He was then placed, soaking wet, into a cell without a shirt or shoes, and the officers turned up the air conditioning. Doc. #7 at 8. Plaintiff asked the officers to turn the air conditioning off; they refused. Plaintiff was in the cell for several hours; he became sick, and vomited, and was refused medical attention. When officers at the police station gave plaintiff food, they spit in it. Plaintiff alleges that this episode affected him mentally and physically, and he now suffers PTSD, severe anxiety, and depression. *Ibid.*

Plaintiff also alleges that his rights are currently being violated by ongoing criminal proceedings in which he is a defendant. Plaintiff's complaint does not contain much factual detail, but he asserts that he is being denied effective assistance of counsel and access to court because of specific disagreements between his defense counsel and himself as to how best to put on his defense. Doc. #7 at 9–10. Plaintiff also alleges that various aspects of the criminal proceedings have violated his rights under the numerous provisions of the federal and state constitutions. *Id.* at 9. He has submitted several exhibits, including letters between him and his attorney, in support of his claims. Doc. #8.

Plaintiff identifies two groups of defendants in his complaint. The first group consists of three individuals whom plaintiff identifies by name and includes on the front page of his complaint: Frank Iannotti, a judge; Kevin Lawlor, a state's attorney; and Molly Arabolos, a public defender. The second group consists of two police detectives and two police officers, identified only as "John Doe" and included in an attached list of defendants but not on the first page of the complaint. *See* Doc. #7 at 1, 5. One of the John Doe Detectives is alleged to work at the Ansonia Police Station; the remaining detective and officers work at the Derby Police Station. Plaintiff requests a variety of relief including an injunction ordering the defendants to stop proceeding with his case, an order terminating defendants' employment, and an award of money damages against the police defendants. *Id.* at 7.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from

such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Even when plaintiff's complaint is construed liberally, his claims against the judge and attorneys in his ongoing criminal proceeding suffer from several crucial deficits. To begin with, under the doctrine known as *Younger* abstention, federal courts generally must "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002); *see also Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Younger* abstention is necessary where there is an ongoing state proceeding that implicates an important state interest, and the state proceeding affords the plaintiff an adequate opportunity for review of his federal constitutional claims. *Diamond*, 282 F.3d at 198. Those criteria are met here—plaintiff is a defendant in an ongoing proceeding that implicates the state's important interest in the enforcement of its criminal laws. *See Davis v. Lansing*, 851 F.2d 72, 77 (2d Cir. 1988) (noting that "*Younger* itself settled the importance of the state's interest in criminal proceedings"). And plaintiff will be able to raise his constitutional claims in the court in which his proceeding is ongoing, on appeal, or, should he be

convicted, via the state's procedures for postconviction review. I therefore dismiss plaintiff's claims against Judge Iannotti, Kevin Lawlor, and Molly Arabolos.[1]

Plaintiff's claims against the John Doe defendants, however, do not involve or call into question plaintiff's state court proceeding.[2] Those claims relate solely to plaintiff's alleged mistreatment upon being detained. Plaintiff's allegations are sufficient to state a claim under the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Fourteenth Amendment's due process clause prohibits the knowing or purposeful use of objectively unreasonable force against a pretrial detainee. *Ibid.* Defendants' alleged behavior—soaking plaintiff in water and forcing him to sit in an artificially cold cell with no shoes or shirt—served no apparent legitimate purpose and was objectively unreasonable. Plaintiff had also stated a Fourteenth Amendment deliberate indifference claim, as defendants' refusal to give plaintiff medical care after he became so chilled as to begin vomiting demonstrates a deliberate indifference to a serious risk to plaintiff's health. *See Darnell v. Pineiro*, 849 F.3d 17, 29, 37 (2d Cir. 2017).

I therefore conclude that plaintiff's complaint should proceed against the John Doe defendants on Fourteenth Amendment grounds. Plaintiff's claims against unnamed "John Doe" defendants are permissible at this time as placeholders for purposes of notice of the scope of plaintiff's claim and for conducting discovery in this action. *See, e.g.*, *Abreu v. City of New York*, 657 F. Supp. 2d 357, 362–63 (E.D.N.Y. 2009). Plaintiff is cautioned, however, that he cannot

---

[1] Even if *Younger* abstention were not required here, plaintiff's claims would also likely require dismissal due to the absolute immunity of defendants Iannotti and Lawlor and the fact that defendant Arabolos is not a state actor for purposes of § 1983. *See, e.g.*, *Tapp v. Champagne*, 164 Fed. App'x 106, 107–08 (2d Cir. 2006).

[2] Although plaintiff did not include "John Doe" on the front of his complaint, he clearly alleges four John Doe defendants in an attachment within the complaint. *See* Doc. #7 at 5. Bearing in mind the rules of special solicitude for *pro se* plaintiffs, and given the absence of any apparent prejudice to the John Doe defendants in light of the fact that they have yet to be served, I decline to dismiss plaintiff's complaint for this technical shortcoming. *See*

ultimately obtain monetary relief against unnamed "John Doe" defendants, and he must diligently take steps to learn the real names and identities of the "John Doe" defendants and to amend his pleadings to identify by name any person whom he seeks to hold liable for money damages. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 517–20 (2d Cir. 2013).

Because the Court cannot serve process on any of the defendants so long as they have not been identified by name, plaintiff shall file an amended complaint that identifies by name any of the "John Doe" defendants whom he seeks to hold liable. If plaintiff is unable to identify all or any of the "John Doe" defendants by name within the allotted time period, then he shall file a motion for extension of time that describes in detail the efforts he has made to learn the names of these defendants. Failure to file a timely amended complaint or motion for additional extension of time may result in the dismissal of this action.

## CONCLUSION

The Court enter the following orders:

**(1)** Plaintiff's claims against defendants Iannotti, Lawlor, and Arabolos are DISMISSED.

**(2)** Plaintiff's individual-capacity claims against the individual "John Doe" defendants may proceed. Plaintiff shall file an amended complaint by August 21, 2017, identifying by name any John Doe defendants or shall file a motion for extension of time to file an amended complaint explaining why he has been unable to name any "John Doe" defendants. Failure to timely file an amended complaint or motion for extension of time will result in dismissal of this action.

**(3)** If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in

the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**(4)** Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court.

It is so ordered.

Dated at New Haven, Connecticut this 20 day of June, 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge